# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG (CHARLOTTESVILLE) DIVISION

IN RE:     Darwin Newton Lester       Chapter 7 Case No. 07-62307
           Paula Durkee Lester

           Debtors

DARWIN NEWTON LESTER and
PAULA DURKEE LESTER,

           Plaintiffs,           Adversary Proc. No. _____

v.

AFNI, INC.
Serve:  Gregory J. Donovan, Registered Agent
404 Brock Drive
Bloomington, IL  61701

and

CENTRAL TELEPHONE COMPANY OF VIRGINIA
doing business as EMBARQ CORPORATION
Serve:  Corporation Service Company, Registered Agent
11 S. 12th Street
P.O. Box 1463
Richmond, VA  23218,

           Defendants.

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### Introduction

1.     This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with its efforts to collect a debt discharged by the debtors' bankruptcy. The Defendants' conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. The Plaintiffs seek monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

2.     This action is also filed to enforce the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

1

Jurisdiction

3.  Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11.

4.  This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5.  This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

6.  This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

7.  Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

Parties

8.  The Plaintiffs are citizens and residents of Albemarle County, Virginia.

9.  The Defendant, AFNI, Inc., is upon information and belief a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 404 Brock Drive, Bloomington, IL 61701.

10. The Defendant, Embarq Corporation, is upon information and belief a part of Central Telephone Company of Virginia, which is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business located at 5454 W. 110th Street, Overland Park, KS 66211.

Facts

11. On December 4, 2007, the Plaintiffs sought protection from their creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia.

12. The 341(a) meeting of creditors was held in Charlottesville, Virginia on January 18, 2008.

13. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed in favor of Embarq Corporation in the amount of $0.00. A copy of the schedule listing the debt is attached hereto as Exhibit A.

14.    On March 20, 2008, the Plaintiffs were granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiffs allege that this discharge included the debt to Embarq Corporation.

15.    On or about May 4, 2008, the Plaintiffs received a demand for payment from AFNI, a copy of which is attached hereto as Exhibit B.

16.    The actions of the Defendants as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

17.    The actions of the Defendants as alleged herein are acts in violation and contempt of the Order of Discharge entered by this Court.

18.    The actions of the Defendants as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.*

19.    The Defendants have failed to implement any effective policy to assure that their collection personnel comply with either the automatic stay or the discharge injunction.

20.    The Defendants have failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings.

21.    The Defendants have failed to implement any effective procedures to insure that no effort will be made to contact consumer debtors who are represented by attorneys.

22.    The Defendants have failed to implement any system to properly identify bankruptcy accounts.

23.    The Plaintiffs have been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Defendants.

FIRST CLAIM - WILLFUL VIOLATION OF DISCHARGE INJUNCTION

24.    The allegations of paragraphs 1-23 above are realleged and incorporated herein by reference.

25.    The actions of the Defendants in this case, in seeking to collect payment on a discharged debt by falsely and deceptively attempting to coerce the debtors are in violation of the discharge injunction entered in the Plaintiffs' bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

26.    The Plaintiffs allege that the actions of the Defendants in seeking to collect on a debt after the debtors' lawful discharge constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524.

27.    The conduct of the Defendants in this case has substantially frustrated the discharge order entered by this Court and has caused the debtors unwarranted and unnecessary time, effort

3

and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

28.   In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code.

29.   In order to protect debtors who have secured a full discharge this Court must impose sanctions against the Defendants for their misconduct in this case.

30.   As a result of the Defendants' violation of 11 U.S.C. Section 524, the Defendants are liable to the Plaintiffs for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

## SECOND CLAIM - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.   The allegations of paragraphs 1-30 above are realleged and incorporated herein by reference.

32.   The foregoing acts and omissions by the Defendants constitute violations of the Fair Debt Collection Practices Act, which include, but are not limited to, the following:

a.   The Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods;

b.   The Defendants violated 15 U.S.C. Section 1692c(a)(2) in contacting the Plaintiffs when the Defendants knew the debtors were represented by an attorney.

c.   The Defendants violated 15 U.S.C. Section 1692d, any conduct the natural consequences of which is to harass, oppress or abuse any person;

d.   The Defendants violated 15 U.S.C. Section 1692e, any other false, deceptive, or misleading representation or means in connection with the debt collection;

e.   The Defendants violated 15 U.S.C. Section 1692e(5), threaten to take any action that cannot legally be taken or that is not intended to be taken;

f.   The Defendants violated 15 U.S.C. Section 1692e(10), any false representation or deceptive means to collect a debt or obtain information about a consumer;

g.   The Defendants violated 15 U.S.C. Section 1692f, any unfair or unconscionable means to collect or attempt to collect the alleged debt; and

h.   The Defendants additionally violated the Fair Debt Collection Practices Act. The Defendants' violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

4

36.     As a result of the above violations of the Fair Debt Collection Practices Act, the Defendants are liable to the Plaintiffs for actual damages, statutory damages of $1,000.00, punitive damages, attorney's fees and expenses incurred by their attorney.

WHEREFORE, the Plaintiffs having set forth their claims for relief against the Defendants respectfully pray of the Court as follows:

A.      That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

B.      That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

C.      That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D.      That the Plaintiffs have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney;

E.      That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the Fair Debt Collection Practices Act pursuant to 15 U.S.C. Section 1692k;

F.      That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated:  August 19, 2008.


/s/ Marshall M. Slayton
MARSHALL M. SLAYTON, VSB # 37362
BOYLE, BAIN, REBACK & SLAYTON
420 Park Street
Charlottesville, VA  22902
(4304) 979-7900
Counsel for Debtors/Plaintiffs


K:\Home\Marshall\Client Files\Lester, Darwin & Paula\
AP v. AFNI\Complaint.doc

**EXHIBIT A**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Darwin Newton Lester,**                                    Case No.   **07-62307**
         **Paula Durkee Lester**

                                                    Debtors
# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>Dillwyn Pharmacy <br>PO Box 70 <br>Dillwyn, VA 23936 | | J | Services | | | | 53.57 |
| Account No. 1239662 <br><br>EBI <br>PO Box 8500-41335 <br>Philadelphia, PA 19178-1335 | | J | 2/6/07 <br>Orthopedic product for son | | | | 31.50 |
| Account No. <br><br>Embarq Corporation <br>Bankruptcy Services <br>P.O. Box 7971 <br>Shawnee Mission, KS 66207-0971 | | J | | | | | 0.00 |
| Account No. 29171583868 <br><br>Farmville Medical Imagine <br>PO Box 132 <br>White Sulphur Springs, WV 24986 | | J | Medical services | | | | 9.90 |
| Account No. 5178007267026292 <br><br>First Premier Bank <br>601 S Minnesota Ave <br>Sioux Falls, SD 57104 | | J | Opened 12/01/04  Last Active  1/01/05 <br>CreditCard | | | | 577.00 |

Sheet no. __4__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **671.97**

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**EXHIBIT B**

Afni, Inc.
PO Box 3427
Bloomington, IL 61702-3427
www.afnicollections.com

# SETTLEMENT OFFER

### Pay half of your balance due.

We are making another attempt to contact you regarding your overdue account. In an effort to resolve this matter we will accept $477.42, half of the original amount due. Once paid, this account will be closed and you will no longer have to worry about this obligation.

If you have any questions, please contact our office toll free at (866)308-9119 Monday through Friday 7am - 9pm CST. For proper credit on your account please write this number 024850377-02 on your payment.

To manage your account online, visit us at www.afnicollections.com. You can login with your account number and last 4 digits of your Social Security number. You can pay securely online using your debit card, Visa®, MasterCard®, or checking account and have your receipt available online once your payment posts. Our records will reflect the status of your account with Afni, Inc. as settled in full.

Credit card payments by mail are also accepted. Credit card payment options are located on the back of the payment stub located at the bottom of this letter and can be mailed back inside the enclosed envelope.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. You have the right to inspect your credit. This letter is from a debt collector.

Please retain this information for your records

| Afni, Inc. Account # | Balance Due | Creditor | Creditor Account # | Date |
|---|---|---|---|---|
| 024850377-02 | $954.84 | EMBARQ | 4349839516944 | 5/4/2008 |

Detach along perforation and return bottom portion along with payment in the enclosed envelope. Credit card payment options are on the back of notice.

 For proper credit, please include your Afni account # listed below on your check

AFN50-0503C503852-QASP-2 3852

Department 555
PO BOX 4127
CONCORD, CA 94524

Address Service Requested

#BWNFTZF #AFN3985766308050#

LESTER
6281 JEFFERSON MILL RD
SCOTTSVILLE VA 24590-4145

Afni, Inc. Account #: 024850377-02
Original Creditor:    EMBARQ
Client Account #:    4349839516944
Date:    5/4/2008
Toll Free:    (866)308-9119

Discounted Amount Due:    $477.42

2    02024850377    992200    95484

PO Box 3427
Bloomington, IL 61702-3427